```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/01/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL P. THOMAS,

                 Plaintiff,          14-CV-8019 (JMF)

    -v-                      MEMORANDUM OPINION
                              AND ORDER

NEW YORK CITY DEPARTMENT OF EDUCATION,
et al.,

                 Defendants.
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

This is the second case brought by Michael P. Thomas, a former public school teacher proceeding *pro se*, against the administration of the school where he was formerly employed.[1] In this case, Thomas alleges principally that administrators violated his First Amendment rights by preventing him from distributing information about his blog to students. Thomas also seeks to pursue a claim of malicious prosecution in violation of the Fourth Amendment. Defendants move to dismiss the Amended Complaint (the "Complaint") in its entirety.[2] For the reasons explained below, that motion is largely denied, and Plaintiff's request to amend his Complaint to add a malicious prosecution claim is granted.

---

[1] In the first case, Thomas alleged that the Special Commissioner of Investigations for the New York City School District violated his due process rights by inadequately investigating his claims that the administration had retaliated against him in violation of New York law. The Court dismissed the case on July 10, 2015. (No. 14-CV-8554, Docket No. 21).

[2] Defendants also request a stay of discovery pending the Court's resolution of the motion to dismiss. (Mem. Law Supp. Defs.' Mot. To Dismiss Am. Compl. (Docket No. 35) ("Defs.' Mem.") 13-14). That request is denied as moot, as the Court has not yet even entered a discovery schedule.

## BACKGROUND

Generally, in considering a motion pursuant to Rule 12(b)(6), courts are limited to the facts alleged in the complaint and are required to accept those facts as true. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See, e.g.*, *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (applying rule to district courts). In addition, because a *pro se* plaintiff's allegations must be construed liberally, it is appropriate for a court to consider factual allegations made in a *pro se* plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint. *See, e.g.*, *Braxton v. Nichols*, No. 08-CV-8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010); *cf. Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering a *pro se* plaintiff's affidavit in opposition to a motion to dismiss in addition to the complaint). Accordingly, the following facts are taken from the Complaint, exhibits attached thereto, Plaintiff's opposition papers (to the extent they are consistent with the Complaint), and documents of which the Court may take judicial notice.

Plaintiff was employed by the New York City Department of Education as a mathematics teacher at the Manhattan Center for Science and Mathematics ("MCSM") from September 1989 through July 2012, when he retired. (Am. Compl. (Docket No. 33) ¶ 5). A few months after his retirement, Plaintiff created a blog criticizing the administration of MCSM. (*Id.* ¶ 11). In January 2013, he was distributing business cards with information about the blog to MCSM students, when he was approached by Defendants Daniel Albetta, the school's assistant principal

of security; Brian Bradley, the assistant principal of special education; and Dennis Hernandez, who was performing the duties of the school's dean of students. (*Id.* ¶¶ 7-9, 12-13). Although Plaintiff attempted to distance himself from them, Albetta, Bradley, and Hernandez followed him and prevented him from interacting with students. (*Id.* ¶ 16). Plaintiff was then approached by Defendant David Jimenez (together with Albetta, Bradley, and Hernandez, "Defendants"). (*Id.* ¶ 18). Jimenez extended his arm "as if to shake hands," but then grabbed Plaintiff's hand, "threw himself to the ground," and claimed that Plaintiff had assaulted him. (*Id.* ¶ 19). When Plaintiff attempted to walk away, Albetta called 911, and Plaintiff was arrested. (*Id.* ¶¶ 20-21).

Plaintiff was subsequently charged with assault in the third degree (although the charge was later reduced to attempted assault in the third degree) and harassment in the second degree, and was placed in a holding cell pending arraignment. (*Id.* ¶¶ 21, 23). After his arraignment, Plaintiff was released on his own recognizance, but the court issued an order of protection prohibiting Plaintiff from having any contact with Jimenez. (*Id.* ¶ 24). Upon the advice of counsel, Plaintiff took down his blog. (*Id.* ¶¶ 25, 33). Plaintiff went to trial in September 2013. (*Id.* ¶ 27). At trial, Defendants testified that students had reported that a man was handing out flyers near the school and harassing students. (*Id.* ¶ 28). They further testified that they had a duty to ensure the safety of students along a route frequently used by students to get to MCSM, which they called the "safe corridor." (*Id.* ¶ 29). Plaintiff was found guilty of harassment in the second degree, but acquitted of the assault charge. (*Id.* ¶ 35). As a result of the harassment conviction, the order of protection against Plaintiff was continued — and expanded to prohibit Plaintiff from entering the "safe corridor." (*Id.* ¶ 30).

Plaintiff filed this action on October 6, 2014, alleging that Defendants violated his First Amendment rights by preventing him from informing students about his blog and by filing false

charges against him, which led him to remove the blog from the Internet. (Docket No. 1). Although such a claim is not stated explicitly in the Complaint, Plaintiff also believes that Defendants' actions constituted malicious prosecution. (Docket No. 39). Defendants counter that the Complaint should be dismissed because Plaintiff has not adequately alleged that they were acting under color of state law and because Plaintiff may not bring claims that imply the invalidity of his harassment conviction. They further argue that the Court should neither consider Plaintiff's newly raised malicious prosecution claim nor grant him leave to amend the Complaint. The Court will address each argument in turn.

## DISCUSSION

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels or conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570. Here, because Plaintiff is proceeding *pro se,* his Complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nonetheless, a

*pro se* litigant must still state a plausible claim for relief. *See, e.g.*, *Walker v. Schult,* 717 F.3d 119, 124 (2d Cir. 2013). In other words, the Court's "'duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it.'" *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting 2 Moore's Federal Practice § 12.34[1][b], at 12-61).

A. **First Amendment Claims**

Plaintiff's Complaint alleges two First Amendment claims against Defendants, one for preventing him from distributing information about his blog to students and one for causing criminal charges to be filed against him, which resulted in the protective order, which, in turn, led him to take down his blog. (Am. Compl. ¶¶ 34-35). Plaintiff would have a hard time maintaining the latter claim, as he voluntarily took the blog down based on the advice of his own criminal counsel and does not allege that he was required to do so by the order of protection. (*Id.* ¶¶ 24-25). But, as Plaintiff himself acknowledges, the claim suffers from a more fundamental problem: Insofar as it is premised on the order of protection, and the order of protection was continued as a result of his conviction for harassment, the claim depends on the invalidity of his criminal conviction and sentence. (Pl.'s Mem. Law Opp'n Def.'s Mot. To Dismiss Am. Compl. (Docket No. 39) ("Pl.'s Mem.") 1, 16-17). It follows that Plaintiff cannot pursue the claim unless and until his conviction is vacated. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (holding that a plaintiff may not bring an action pursuant to Section 1983 that "necessarily require[s] the plaintiff to prove the unlawfulness of his conviction"); *Poventud v. City of N.Y.*, 750 F.3d 121, 129-30 (2d Cir. 2014) (similar). Accordingly, Defendants' motion to dismiss is granted on consent as to that claim.

There is no basis, however, to dismiss Plaintiff's claim that Defendants violated the First Amendment by preventing him from distributing information concerning his blog. Defendants

argue that the claim must be dismissed because they were not acting "under color of state law," as required for them to be held liable under Section 1983.  *See, e.g.*, *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  More specifically, Defendants argue that when they confronted Plaintiff they were acting as private citizens because they "had no power or authority under state law to prevent Plaintiff from handing out his cards." (Defs.' Mem. 6-9).  It is well established, however, that where a defendant "uses his state authority to violate the plaintiff's rights, he may be said to act under color of state law even though he acts contrary to law." *Rodriguez v. N.Y. City Transit Auth.*, No. 06-CV-13762 (RJS), 2009 WL 3817298, at *4 (S.D.N.Y. Nov. 10, 2009) (citing cases).  Thus, to satisfy the state-action requirement, Plaintiff need not allege that Defendants had actual authority to prevent him from handing out business cards to students; he need allege only that Defendants "*purport[ed]* to act according to official power." *Emanuele v. Town of Greenville*, 143 F. Supp. 2d 325, 331 (S.D.N.Y. 2001) (emphasis added); *see also Pitchell*, 13 F.3d at 548 (stating that an off-duty police officer could be found liable if he invoked the "apparent authority" of the police department); *Dean v. City of Buffalo*, 579 F. Supp. 2d 391, 404 (W.D.N.Y. 2008) ("A person may also be found to act under color of law when he acts under pretense of law.").  Construed liberally, the Complaint does just that, as it alleges that Defendants testified at Plaintiff's trial that they approached him pursuant to their duty as school officials to maintain the safe corridor.  (Am. Compl. ¶ 29).  In other words, the Complaint alleges that Defendants claimed to have authority, by virtue of their positions at MCSM, to prohibit Plaintiff from interacting with students at that location.  That is sufficient at this stage.

B.     **Malicious Prosecution**

Next, the Court turns to Plaintiff's request for leave to amend his Complaint to add a claim of malicious prosecution. (Pl.'s Mem. 11-16 & n.2).[3] Defendants' sole objection is that such an amendment would be futile. (Reply Mem. Law Supp. Defs.' Mot. To Dismiss Am. Compl. (Docket No. 44) ("Defs.' Reply") 6-9). To prevail on a malicious prosecution claim, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of N.Y.*, 612 F.3d 149, 171 (2d Cir. 2010). Here, Defendants argue that Plaintiff cannot satisfy the second prong — termination of the proceeding in his favor — because he was convicted of harassment. (Defs.' Reply 7-9). But Plaintiff was acquitted of assault, and the Second Circuit has recognized that "[a] plaintiff charged with crimes of varying degrees of seriousness, and convicted on the lesser charges, may nonetheless sue for malicious prosecution on the more serious claims that were terminated in his favor." *Green v. Montgomery*, 219 F.3d 52, 59-60 (2d Cir. 2000). The question, then, is whether the assault charge was "so closely intertwined with the offense of conviction" — that is, the harassment charge — "that there is no reasonable basis to conclude that the acquittal is sufficiently distinct to support a claim of malicious prosecution." *Fernandez v. City of N.Y.*, No. 02-CV-8195 (JGK), 2003 WL 21756140, at *6 (S.D.N.Y. July 29, 2003). To determine whether two charges are sufficiently distinct, a court must examine each charge separately, keeping in mind that "[c]harges may be sufficiently

---

[3] Although Plaintiff concedes that the Complaint does not "explicitly" include a malicious prosecution claim (Pl.'s Mem. 11 n.2), he appears to ask the Court to read such a claim into his Complaint on the ground that the facts alleged would support one. It is not clear, however, that the Complaint, as currently drafted, would support a malicious prosecution claim. In any event, in the Court's view, the better course is to treat Plaintiff's request as one for leave to amend.

distinct even if they arose out of the same events occurring on the same occasion." *Reid v. City of N.Y.* No. 00-CV-5164 (RCC) (JCF), 2004 WL 626228, at *5-6 (S.D.N.Y. Mar. 29, 2004).

Here, Plaintiff may have difficulty alleging — let alone proving — that the assault charge was sufficiently distinct from the harassment charge to pursue a claim of malicious prosecution. *See, e.g.*, *Fernandez*, 2003 WL 21756140, at *6-7 (finding that a plaintiff who was acquitted of assault and convicted of harassment had not alleged that the charges were sufficiently distinct to pursue a claim of malicious prosecution). But the Court cannot reach that conclusion as a matter of law, particularly without giving Plaintiff an opportunity to amend his Complaint to include any and all relevant facts. Plaintiff could allege, for example, that he was convicted of harassment based on his conduct toward Albetta, Bradley, and Hernandez, while the assault charge was based on his supposed throwing of Jimenez to the ground. Alternatively, Plaintiff could allege facts to support a conclusion that the factfinder at his criminal trial found him guilty of harassing Jimenez (instead of, or in addition to, the other Defendants), but also found that Jimenez had staged the supposed assault. In either case, the allegations might be sufficient to show that Plaintiff received a "termination in his favor" on the assault charge, notwithstanding his conviction for harassment. *Cf. Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991) (holding that a probable cause finding supporting disorderly conduct charges did not preclude the plaintiff's malicious prosecution claim for resisting arrest or assault because, otherwise, "an officer with probable cause as to a lesser offense could tack on more serious, unfounded charges which would support a high bail or a lengthy detention, knowing that the probable cause on the lesser offense would insulate him from liability for malicious prosecution on the other offenses"). In

any event, mindful that Plaintiff is proceeding *pro se*, the Court concludes that the more appropriate, and prudent, course is to allow him to amend his Complaint.[4]

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted on consent as to Plaintiff's claim that Defendants violated his First Amendment rights in causing criminal charges to be filed against him, but is otherwise denied.  Further, Plaintiff is granted leave to amend his Complaint to add a claim for malicious prosecution.  Any such Second Amended Complaint shall be filed within **30 days** of this Memorandum Opinion and Order.  Plaintiff is reminded that any Second Amended Complaint would replace, not supplement, the current Complaint, and advised that he should include any and all facts that may be relevant to his malicious prosecution claim, as it is unlikely that he would be given an additional opportunity to amend in the event that Defendants move to dismiss on the same ground that they oppose leave to amend here.

The Clerk of Court is directed to terminate Docket No. 34 and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Date: September 1, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[4] Defendants appear to suggest that allowing Plaintiff to pursue a malicious prosecution claim based on the assault charge would imply the invalidity of his harassment conviction (Defs.' Reply 9), but that argument borders on frivolous.  As noted above, the malicious prosecution claim can go forward only if the acquittal on the assault charge constitutes a termination in Plaintiff's favor *despite* his (unchallenged) conviction on the other charge.