```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MICHAEL P. THOMAS,                                                :
                                                                  :
                              Plaintiff,                          :      14-CV-8019 (JMF)
                                                                  :
              -v-                                                 :      MEMORANDUM OPINION
                                                                  :              AND ORDER
NEW YORK CITY DEPARTMENT OF EDUCATION,                            :
et al.,                                                           :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Michael P. Thomas, a former public school teacher proceeding *pro se*, brings claims against the administration of the school where he was formerly employed. The underlying facts in this case are set out in the Court's Opinion on Defendants' previous motion to dismiss, familiarity with which is presumed. *See Thomas v. N.Y.C. Dep't of Educ.*, No. 14-CV-8019 (JMF), 2015 WL 5143986 (S.D.N.Y. Sept. 1, 2015). In that opinion, the Court largely denied Defendants' motion, and granted Plaintiff leave to amend his Complaint to add a claim for malicious prosecution. *See id.* at *5. Thereafter, Plaintiff did so amend. (*See* Second Am. Compl. (Docket No. 47) ("SAC")). The SAC added a claim for malicious prosecution for assault, of which Plaintiff was acquitted in state criminal proceedings that provide one of the bases for this suit. (*See id.* ¶¶ 69-77). Defendants now move to dismiss the new malicious prosecution claim. (*See* Docket No. 50). Because the assault charge was intertwined with a charge of harassment, and Plaintiff was convicted of the latter charge, Plaintiff cannot make out a claim for malicious prosecution and Defendants' motion is GRANTED.

**DISCUSSION**

To prevail on a malicious prosecution claim, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of N.Y.*, 612 F.3d 149, 171 (2d Cir. 2010) (internal quotation marks omitted); *see also DiBlasio v. City of N.Y.*, 102 F.3d 654, 658 (2d Cir. 1996) ("One element that must be alleged and proved in a malicious prosecution claim is termination of the prior criminal proceeding in favor of the accused." (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994))). Where, as here, a plaintiff was convicted of one charge but acquitted of another, whether the plaintiff can meet the favorable-termination element turns on whether the two charges are "sufficiently distinct" for the acquittal to be considered a termination in the plaintiff's favor. *Fernandez v. City of N.Y.*, No. 02-CV-8195 (JGK), 2003 WL 21756140, at *6 (S.D.N.Y. July 29, 2003) (internal quotation marks omitted); *see Janetka v. Dabe*, 892 F.2d 187, 189 (2d Cir. 1989) (holding that "two distinct offenses involving distinct allegations" were sufficiently separate such that an acquittal on one could support a malicious prosecution claim). In order to determine whether two charges are sufficiently distinct to support a malicious prosecution claim, "[a] court shall examine whether the elements of each charge are different, whether one charge is a lesser included offense of the other, and whether the alleged actions were directed at different people." *Pichardo v. N.Y. Police Dep't*, No. 98-CV-429 (DLC), 1998 WL 812049, at *3 (S.D.N.Y. Nov. 18, 1998).

Applying those standards here, Plaintiff fails to state a plausible claim for malicious prosecution. Plaintiff was convicted of harassment in the second degree and acquitted of attempted assault in the third degree. (*See* SAC ¶ 66). The evidence in the record — namely, the

2

records of the criminal proceedings attached to Plaintiff's First and Second Amended Complaints and the transcript of those proceedings (which the Court may consider, both because Plaintiff relied on them in drafting the SAC and because they are a proper subject of judicial notice, *see* Fed. R. Evid. 201; *see also, e.g.*, *Pelosi v. Spota*, 607 F. Supp. 2d 366, 371-72 (E.D.N.Y. 2009)) — makes plain that these charges are not sufficiently distinct for malicious prosecution purposes. First, the elements of the two charges are substantially similar.  The criminal complaint charged Plaintiff with harassment in the second degree under N.Y. Penal Law 240.26(1), and stated that he, "with intent to harass, annoy and alarm another, subjected that person to physical contact and attempted and threatened to do the same."  (SAC, Ex. 1).  It also charged him with assault in the third degree under N.Y. Penal Law 120.00(1) and (2), and stated that he recklessly or intentionally "caused physical injury to another person."  (SAC, Ex. 1).[1]  Thus, the physical contact element of each charge was nearly identical, even though one charge cannot be said to be a lesser included offense of the other.  *Compare* N.Y.P.L § 120.00, *with* N.Y.P.L § 240.26(1).

Second, the record reveals that both the harassment and assault charges stemmed from conduct directed at Jimenez.  The criminal complaint charged Plaintiff with harassment on the basis of his striking Jimenez — the only Defendant even mentioned in the complaint and the only Defendant who was allegedly struck.  (*See* SAC, Ex. 1).  Additionally, the State's case in the criminal proceeding presented both the assault and the harassment as targeting Jimenez. (*See, e.g.*, Docket No. 40, Ex. 4 (September 10, 2013 Tr.) 145-46 (arguing in summation that the two charges were based on Plaintiff's "intent to cause physical injury to Mr. Jimenez" and the fact that Plaintiff, "with intent to harass, annoy and alarm Mr. Jimenez, struck him")).  And finally, as part of the sentence for the harassment count, the judge extended an order of

---

[1] The assault charge was later reduced to attempted assault.  (SAC ¶ 35).

protection requiring Plaintiff to stay away from Jimenez and specifically added the "safe corridor" area to the protective order because "[t]hat's where Mr. Jimenez has to patrol and go to." (Docket No. 40, Ex. 5 (September 11, 2013 Tr.) 5).  In short, both charges were directed at Jimenez, and "grew out of the same melee." *Pichardo*, 1998 WL 812049, at *4.  It follows that they are sufficiently similar for the assault acquittal not to qualify as a termination of the proceeding in Plaintiff's favor.  *See Fernandez*, 2003 WL 21756140, at *6; *Pichardo*, 1998 WL 812049, at *4; *cf. Janetka*, 892 F.2d at 190 (holding that charges were sufficiently distinct when they involved entirely different elements and conduct directed at different individuals); *Reid v. City of N.Y.*, No. 00-CV-5164 (RCC) (JCF), 2004 WL 626228, at *6-7 (S.D.N.Y. Mar. 29, 2004) (same), *report and recommendation adopted by* 2004 WL 1488194.

      Plaintiff's arguments to the contrary are unpersuasive.  Indeed, for the most part, he does little more than attempt to relitigate his harassment conviction.  (*See, e.g.*, Mem. Law Opp'n Defs.' Partial Mot. To Dismiss Second Am. Compl. (Docket No. 57) ("Pl.'s Opp'n") 2 ("First, the only evidence against Plaintiff in the alleged assault was the uncorroborated testimony of the Defendants who had a clear motive to fabricate.  Second, a finding that Plaintiff was guilty of harassment based on the supposed assault would have been against the weight of the evidence. Lastly, the prosecution did not show that Plaintiff intended to harass, annoy or alarm Jimenez — a required element for a harassment conviction — if the alleged assault was the basis for the harassment charge."); *see id.* at 9-21).  Plaintiff may disagree with the state court's verdict, but a malicious prosecution claim in this Court is not the forum to collaterally attack his harassment conviction.  Put simply, Plaintiff provides no basis to support the conclusion that his harassment conviction was premised on something other than what is in the record discussed above, and —

more to the point — no basis to support the conclusion that the harassment and assault charges were sufficiently distinct to permit him to pursue a malicious prosecution claim here.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED and Plaintiff's malicious prosecution claim is dismissed.  Plaintiff does not purport to be in possession of any other facts that could cure the fatal defect in his malicious prosecution claim.  Additionally, having previously given Plaintiff the opportunity to amend his Complaint to plead facts showing that the charges were sufficiently distinct (and having even given Plaintiff guidance on what sort of allegations would suffice, *see* 2015 WL 5143986, at *4), the Court concludes that any further amendment would be futile.  *See, e.g.*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (affirming the district court's denial of a motion for leave to amend a complaint "[w]here the amended portion of the complaint would fail to state a cause of action" and therefore would have been futile).

The Clerk of Court is directed to terminate Docket No. 50 and to mail a copy of this Memorandum Opinion and Order to Plaintiff.  By order to be docketed separately, the Court will schedule an initial pretrial conference with respect to Plaintiff's remaining claims.

SO ORDERED.

Date: May 10, 2016
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2]   Plaintiff requested, and was granted, permission to submit two surveillance videotapes relating to the January 10, 2013 incident along with his opposition to Defendants' motion.  (*See* Docket Nos. 56, 59).  He argues that the videotapes "support[]" his "version of events and the conclusions drawn therefrom."  (*See* Pl.'s Opp'n 14, 16-18).  Putting aside the question of whether the Court is permitted to even consider the videotapes under Rule 12(b)(6), they do not affect the above analysis or conclusion.  Indeed, as Plaintiff concedes, the recordings do not even show the alleged assault of Jimenez.  (*Id.* at 17).